**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1881-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FABIAN METOYER,
a/k/a MICHAEL WILLIAMS,

    Defendant-Appellant.

_____

Submitted May 23, 2022 – Decided July 12, 2022

Before Judges Messano and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-06-0832.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Patrick R. McAvaddy, Assistant Prosecutor, on the brief).

PER CURIAM

Pursuant to a plea agreement with the State of New Jersey, defendant Fabian Metoyer pled guilty to first-degree possession of a controlled dangerous substance, phencyclidine (PCP), with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(6), and the amended charge of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a).[1] The State recommended the judge impose concurrent sentences aggregating fifteen years' imprisonment with seven and one-half years of parole ineligibility, but the judge sentenced defendant to a twelve-year term of imprisonment with a four-year period of parole ineligibility. We heard defendant's appeal on the Excessive Sentence Oral Argument calendar and affirmed the sentence.

Defendant filed a pro se petition for post-conviction relief (PCR) essentially arguing plea counsel was ineffective because she withdrew a motion to suppress evidence prior to defendant's guilty plea. The motion sought to suppress evidence seized without a warrant when police stopped a vehicle defendant was traveling in, and evidence subsequently seized from defendant's residence pursuant to a search warrant. PCR counsel was appointed and filed a

---

[1] The judgment of conviction erroneously lists the offense as N.J.S.A. 2C:39-4.1(a), possession of a firearm in the course of committing a drug offense.

brief; defendant filed a supplemental certification that challenged facts alleged by police in their reports and in the affidavit for the search warrant.

The PCR judge, who also accepted defendant's guilty plea and sentenced defendant, issued a written opinion supporting the order denying the petition without an evidentiary hearing. Defendant appealed. Prior to filing his appellate brief, defendant sought a limited remand to clarify the PCR judge's written decision, arguing the judge failed to address all points raised by PCR counsel and defendant in his pro se filings, and the judge's opinion mistakenly addressed other issues not raised by defendant. We granted defendant's motion and remanded the matter for the court "to supplement its reasons for denying the petition," specifically noting the shortcomings of the prior opinion. The judge issued a second written opinion following remand again denying PCR relief.

Defendant now appeals arguing plea counsel provided ineffective assistance (IAC) and the PCR judge erred by not granting an evidentiary hearing. Defendant contends an evidentiary hearing was necessary for plea counsel to explain why she failed to "pursue the challenge of the unlawful stop of the vehicle and subsequent arrest and search of [defendant]." Second, defendant argues an evidentiary hearing was necessary for plea counsel to explain "her

failure to challenge the affidavit in support of the application for the search warrant of [defendant's] home."  We have considered the arguments and affirm.

To succeed on an IAC claim, a defendant must meet the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and applied by our Court in State v. Fritz, 105 N.J. 42, 58 (1987).  A defendant must first show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687).  "To satisfy prong one, [defendant] had to 'overcome a "strong presumption" that counsel exercised "reasonable professional judgment" and "sound trial strategy" in fulfilling his responsibilities.'"  State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)).  "[I]f counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is 'virtually unchallengeable.'"  Ibid. (alteration in original) (quoting State v. Chew, 179 N.J. 186, 217 (2004)).  Particularly significant here, counsel's failure to raise losing arguments in the Law Division cannot evidence deficient performance.  State v. Echols, 199 N.J. 344, 361 (2009).

Second, a defendant must show by a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.  "A

A-1881-20

reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52). In the context of a guilty plea, a defendant must demonstrate that but for counsel's deficient performance, he would not have pled guilty and instead insisted on going to trial. State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009).

Our rules anticipate the need to hold an evidentiary hearing on a PCR petition, "only upon the establishment of a prima facie case in support of post-conviction relief." R. 3:22-10(b). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). "[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157–58 (1997)).

On remand, the PCR judge's written opinion set forth the details in police reports regarding the motor vehicle stop. Consistent with information police received from a confidential informant, the officers observed defendant's co-

defendant, Keisha Cunniffe, leave defendant's residence and engage in a drug sale. Defendant left the same house shortly thereafter and entered a car driven by his other co-defendant, Darryl Mahoney. Police stopped the car for a motor vehicle violation, knowing there was an active warrant for defendant's arrest. They observed drugs in plain view in the car. Police then obtained a search warrant for defendant's home and executed it hours later. They seized additional drugs and firearms.

Defendant's certifications challenge some of these facts. He alleges, for example, there was no motor vehicle violation, and police entered his house first without a warrant and then returned a second time with a warrant. There is no corroboration for either claim.

In any event, based on the PCR judge's recitation of what likely would have been the State's evidence in support of the warrantless search, it is unlikely any suppression motion that plea counsel filed would have been successful. The same is true of the later search of defendant's home pursuant to the warrant. See, e.g., State v. Boone, 232 N.J. 417, 427 (2017) ("Reviewing courts 'accord substantial deference to the discretionary determination resulting in the issuance of the [search] warrant.'" (alteration in original) (quoting State v. Jones, 179 N.J. 377, 388 (2004))). In short, plea counsel's decision not to proceed with the

 A-1881-20

motion and, instead strike a very favorable plea bargain with the State for her client is not evidence of deficient performance.

More importantly, as to the second prong of the Strickland/Fritz test, "to obtain relief from a conviction following a plea, 'a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). Simply put, defendant's assertion that he would have rather proceeded with the motion, and if it was unsuccessful, gone to trial instead of pleading guilty, is incredible.

Initially, the judge specifically questioned defendant during his plea allocution regarding the pending motion to suppress. Under oath, defendant said he understood the motion was being withdrawn, and he wished to plead guilty rather than proceed.

In addition, defendant's plea agreement was very favorable. Considering only the two charges to which defendant pled guilty, he faced a maximum thirty-year sentence with fifteen years of parole ineligibility. The plea agreement limited the State's recommendation, and the judge imposed a sentence that was less than the prosecutor requested. Additionally, one of the counts the State agreed to dismiss was an alleged violation of N.J.S.A. 2C:35-4, maintenance of

a controlled dangerous substance production facility, a crime of the first-degree that includes a mandatory, minimum period of parole ineligibility.

We agree with the PCR judge that defendant failed to establish a prima facie case of success as to either prong of the Strickland/Fritz standard, and the judge's decision not to hold an evidentiary hearing was not a mistaken exercise of his discretion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1881-20